

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00549-CV

Ernest **MUNGIA**,
Appellant

v.

**VIA METROPOLITAN TRANSIT**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 380931
Honorable Irene Rios, Judge Presiding

Opinion by:      Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Rebeca C. Martinez, Justice

Delivered and Filed:  April 9, 2014

REVERSED IN PART AND REMANDED

Ernest Mungia sued his former employer, VIA Metropolitan Transit, and obtained a default judgment. Four years later, VIA attempted to set aside the default judgment by filing a bill of review and a claim for declaratory relief. The trial court granted VIA's motion for summary judgment as to both causes of action and awarded attorney's fees to VIA. In one issue on appeal, Mungia contends the trial court abused its discretion in awarding attorney's fees.

# BACKGROUND

Mungia was employed as a VIA bus operator. In 2004, he was involved in a collision with a third party while operating a bus. In 2006, Mungia filed a personal injury lawsuit against the third party. In 2007, Mungia amended his petition to add VIA as a defendant alleging common law and statutory claims related to Mungia's workers' compensation claim arising from the accident. Mungia attempted to serve VIA with the amended petition by serving the City Clerk for the City of San Antonio; however, the City Clerk is not an agent of VIA for service of process. As a result, VIA never received notice of the lawsuit and never answered it.

On July 7, 2008, the trial court signed a default judgment against VIA for damages totaling $67,200. On August 27, 2012, Mungia first attempted to collect on the judgment by filing an abstract of judgment and writ of execution against VIA. VIA first became aware of the lawsuit and the default judgment on September 13, 2012, when deputy sheriffs attempted to execute the writ at VIA's administrative offices.

On September 28, 2012, VIA filed its "Original Petition for Bill of Review and Declaratory Judgment," seeking to set aside the default judgment and requesting attorney's fees under the Uniform Declaratory Judgments Act (UDJA). With its bill of review, VIA directly attacked, and sought to vacate, the default judgment based on Mungia's failure to properly serve VIA with notice of the lawsuit. With its declaratory action, VIA collaterally attacked the default judgment by seeking "an order declaring the [default judgment] void and unenforceable because Mungia failed to serve VIA with citation and process in violation of VIA's due process rights and/or for lack of subject matter jurisdiction."

VIA filed a motion for summary judgment "as to its bill of review and alternative action for declaratory judgment that the default judgment is void and unenforceable." On January 28, 2013, the trial court granted VIA's motion for summary judgment as to both claims and granted

VIA's request for attorney's fees under the UDJA. The trial court later held a separate hearing on the reasonableness of the attorney's fees and entered a final judgment on April 23, 2013, awarding VIA attorney's fees and costs totaling $31,409.

## STANDARD OF REVIEW

The UDJA authorizes a court to "award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008); *City of Lorena v. BMTP Holdings, L.P.*, 409 S.W.3d 634, 646 (Tex. 2013). We review a trial court's award of attorney's fees for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). "It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or without regard to guiding legal principles . . . ." *Id.* Whether attorney's fees can be awarded under a statute, however, is a question of law that we review de novo. *Fitzgerald v. Schroeder Ventures II, LLC*, 345 S.W.3d 624, 627 (Tex. App.—San Antonio 2011, no pet.) (citing *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999)).

## FINALITY OF SUMMARY JUDGMENT

The judgment in a bill of review proceeding is not final until the judgment: (1) denies any relief to the petitioner; or (2) grants the bill of review and sets aside the former judgment, insofar as it is attacked, and substitutes a new judgment which properly adjudicates the entire controversy. *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006); *Xiaodong Li v. DDX Group Inv., LLC*, 404 S.W.3d 58, 62 (Tex. App.—Houston [1st Dist.] 2013, no pet.). VIA's motion for summary judgment sought to set aside the default judgment under both its bill of review and its declaratory judgment action. VIA's motion also sought to recover attorney's fees under its declaratory judgment action. Although VIA's motion did not address the new judgment that should be substituted if the bill of review were granted, the trial court's final judgment purported to

"dispos[e] of all claims by and between VIA and Ernest Mungia" and states, "The Court further ORDERS execution to issue for this Final Judgment."

A summary judgment that grants more relief than a party is entitled to, although erroneous, is final and appealable, provided that the intent to finally dispose of the case is clearly and unequivocally expressed in the words of the judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). We must only consider the merits of the claims presented to the trial court and properly raised on appeal, affirming those claims or reversing them if they were rendered in error. *Page v. Geller*, 941 S.W.2d 101, 102 (Tex. 1997) (per curiam).

In the instant case, the summary judgment granted more relief than VIA was entitled to because it substituted a new judgment disposing of Mungia's claims against VIA, as opposed to simply setting aside the default judgment. Because the award of attorney's fees under the UDJA was requested in VIA's motion and Mungia has properly challenged this award on appeal, we review the merits of this claim, reversing only if the attorney's fees were awarded in error. *See id.* Because only a partial summary judgment should have been entered, however, we remand those claims that were included in the judgment but were not presented to the trial court, namely Mungia's claims against VIA. *Bandera Elec. Coop., Inc., v. Gilchrist*, 946 S.W.2d 336, 337–38 (Tex. 1997) (per curiam); *Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, 355 S.W.3d 878, 886–87 (Tex. App.—Dallas 2011, no pet.).

### ATTORNEY'S FEES

Mungia contends attorneys' fees were not authorized in VIA's declaratory judgment action because the declaratory judgment claim was impermissibly "tacked on" to the bill of review for the sole purpose of obtaining attorney's fees. VIA argues that the declaratory judgment claim was an independent cause of action that was not included for the sole purpose of recovering attorney's fees, but rather so that VIA could collaterally attack the default judgment and obtain a final

judgment more quickly. VIA does not argue that attorney's fees were available under its bill of review.

The Texas Supreme Court has held that although declaratory relief under the UDJA may be proper in a particular case, a party's use of the UDJA merely as a "vehicle to obtain otherwise impermissible attorney's fees" is improper. *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). In that case, the plaintiff asserted claims for breach of contract, fraud, and declaratory relief. *Id.* at 663. The trial court awarded attorney's fees. *Id.* After determining that the fee award was unavailable for the non-declaratory relief claims, the Court held that the trial court erred by awarding fees under the UDJA because the claim for declaratory relief was "merely tacked onto a standard suit based on a matured breach of contract . . . ." *Id.* at 670. The Court explained that "if repleading a claim as a declaratory judgment could justify a fee award, attorney's fees would be available for all parties in all cases," which would effectively repeal the limits placed on fee awards by other statutes as well as the "American Rule," which prohibits fee awards unless specifically provided by contract or statute. *Id.* at 669. The Court noted that the declarations sought by the plaintiff were "part and parcel" of its breach of contract claim and "merely duplicated issues already before the trial court." *Id.* at 671.

Thus, when a declaratory judgment claim is asserted together with another statutory or common law claim, "[t]he declaratory judgment claim must do more than 'merely duplicate the issues litigated. . .'" in order to justify an award of attorney's fees under the UDJA. *Etan Indus. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (citing *MBM Fin. Corp.*, 292 S.W.3d at 670). VIA argues that its declaratory judgment action was not duplicative of its bill of review because a declaratory judgment claim collaterally attacking a void judgment is an independent cause of action.

A judgment is void when, among other things, the court entering the judgment never acquired personal jurisdiction over a party because that party was never served with notice of the lawsuit. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 274 (Tex. 2012); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010). A void judgment may be attacked either directly or collaterally. *PNS Stores*, 379 S.W.3d at 271. If timely asserted, a bill of review is a form of direct attack, brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Id.*; *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998). Ordinarily, the bill of review plaintiff must prove: (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on its own part. *Mabon Ltd. v. Afri-Carib Enters, Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). However, when a bill of review plaintiff proves that it was not served with notice of the lawsuit, the judgment is "constitutionally infirm," and the plaintiff is relieved of proving these elements. *Id.* at 813 (quoting *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 87 (1988)).

A collateral attack on a void judgment may be asserted at any time and "seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes." *PNS Stores*, 379 S.W.3d at 272. A void default judgment may be collaterally attacked through a declaratory judgment action seeking to declare the judgment void. *Wagner v. D'Lorm*, 315 S.W.3d 188, 193 (Tex. App.—Austin 2010, no pet.); *see Nelson's Legal Investigating & Consulting v. Myrick*, 04-11-00158-CV, 2011 WL 6090082, at *1–2 (Tex. App.—San Antonio Dec. 7, 2011, no pet.) (mem. op.); *see also In re Estate of Blankenship*, No. 04-08-00043-CV, 2009 WL 1232325, at *3 (Tex. App.—San Antonio May 6, 2009, pet. denied) (mem. op.) (listing cases).

Therefore, when a party seeks to set aside a default judgment that is void due to lack of service, the burden of proof in the bill of review proceeding and the burden of proof for the

declaratory judgment claim are the same. Both claims concern the validity of the default judgment and the sole issue to be determined in setting aside the default judgment is whether the party was served with notice of the lawsuit in accordance with due process. While we agree with VIA that a declaratory judgment action collaterally attacking a void judgment is an independent cause of action, distinct from a bill of review, we do not agree that this distinction forecloses the possibility that the two causes of actions can concern duplicative issues. In the instant case, VIA's bill of review sought to vacate the default judgment while its declaratory judgment action requested that the trial court declare the default judgment "void and unenforceable." It is clear that this issue as asserted in VIA's declaratory action "merely duplicated [the] issue[] already before the trial court" in its bill of review. *MBM Fin. Corp*, 292 S.W.3d at 671; *see City of Houston v. Texan Land & Cattle Co.*, 138 S.W.3d 382, 392 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (attorney's fee award under the UDJA improper where declaratory action and inverse condemnation claims both concerned the same issue of access to the property).

VIA argues that the independent nature of a collateral attack is demonstrated by this court's holding in *Myrick*. However, Myrick did not assert a bill of review and the declaratory judgment action was his only claim related to the validity of the default judgment. Relevant to the instant case, *Myrick* merely re-affirmed: (1) a declaratory action may collaterally attack a default judgment that is void due to lack of service; and (2) attorney's fees are generally authorized under Section 37.009. Neither proposition is in dispute in this case. Therefore, *Myrick* is not dispositive of whether attorney's fees are recoverable when a declaratory judgment claim is asserted together with a bill of review involving duplicative issues and relief sought.

Next, VIA contends that its declaratory judgment action was not maintained solely for the purpose of obtaining attorney's fees because the declaratory judgment action entitled VIA to relief distinct from the relief provided by the bill of review. We agree that the relief sought by the

declaratory judgment action may be helpful in determining whether the action was asserted for the sole purpose of obtaining attorney's fees. *See Etan*, 359 S.W.3d at 624 (holding trial court erred in awarding attorney's fees and noting that the only "apparent benefit" from the declaratory action was the award of attorney's fees under the UDJA); *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 595 (Tex. App.—Dallas 2012, no pet.) (finding award of attorney's fees improper where all of the relief sought by the declaratory action was available under other asserted claims); *Strayhorn v. Raytheon E-Systems, Inc.*, 101 S.W.3d 558, 572 (Tex. App.—Austin 2003, pet. denied) ("[i]t is an abuse of discretion to award attorney's fees under the UDJA when the relief sought is no greater than relief that otherwise exists by agreement or statute."). We do not entirely agree, however, with VIA's contention that "when the claim for declaratory relief provides the quickest relief available, then that additional benefit will justify the recovery of attorneys' fees under the [UDJA]." VIA cites two cases from this court to support this proposition.

In *Zuehl Airport Flying Cmty. Owners Ass'n, Inc. v. Meszler*, 04-09-00028-CV, 2010 WL 454931, at *1 (Tex. App.—San Antonio May 4, 2010, pet. denied) (mem. op.), members of a subdivision association challenged the association's membership assessment increase by asserting claims for breach of fiduciary duty, breach of contract, unjust enrichment, and injunctive relief. *Id.* The members later amended their petition to include a claim for declaratory relief and attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, the Texas Property Code, and the UDJA. *Id.* at *2. The trial court granted the members' motion for partial summary judgment and declared that the fee increase was improperly assessed and void. *Id.* The trial court also granted the members' requested attorney's fees. *Id.* The association appealed to this court, arguing that the attorney's fee award was improper because the declaratory judgment "was void" and "any attempt to collect attorneys' fees by posturing the right to fees by way of a declaratory judgment was also void." *Id.* at *5.

We first observed that the basis of the members' motion for partial summary judgment was a breach of a restrictive covenant related to real property and "the relief sought was a litany of declarations pertaining to the invalid assessments, and attorneys' fees." *Id.* at \*6. We then stated, "[i]n order to grant the requested declaratory relief, the trial court had to find that the Association breached the [covenant] thereby entitling the Members to their attorneys' fees pursuant to section 5.006 of the Texas Property Code."[1] *Id.* We noted that attorney's fees were also recoverable under the UDJA. *Id.* We rejected the association's argument that the existence of another cause of action concerning the same issues necessarily precluded the members from asserting a *claim* for declaratory relief. *Id.* We then held that the attorney's fee award was proper and stated, "[i]n this case, the declaratory relief sought was not a means to obtain otherwise *impermissible* attorneys' fees, it was a means of obtaining the quickest and most effective relief pertaining to the improper assessments." *Id.* (emphasis in original).

Most critical to our holding was the fact that the members' declaratory action entitled them to attorney's fees under both the Texas Property Code *and* the UDJA. *See id.* ("the declaratory relief sought was not a means to obtain otherwise *impermissible* attorneys' fees . . . .") (emphasis in original). Since the members were otherwise entitled to attorney's fees under the Property Code, they were not asserting the claim for declaratory relief for the sole purpose of obtaining attorney's fees under the UDJA.

In *ProFinance Assocs., Inc. v. Cohen-Sagi*, 04-10-00242-CV, 2011 WL 2150356, at \*2 (Tex. App.—San Antonio Jul. 8, 2011, pet. denied) (mem. op.), the plaintiff asserted a declaratory judgment action related to the construction of a contract. The defendant asserted a counter-claim

---

[1] "In an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim." TEX. PROP. CODE ANN. § 5.006 (West 2004).

for, *inter alia*, breach of contract and also declaratory relief. *Id.* The trial court entered judgment in favor of the defendant. *Id.* We reversed the judgment of the trial court and remanded the case for a determination of attorney's fees under the UDJA. *Id.* at*3. On remand, the trial court awarded the plaintiff attorney's fees and the defendant appealed, citing *MBM Fin. Corp. Id.* Although the attorney's fees were awarded for the plaintiff's sole claim under the UDJA, the defendant argued that the declaratory relief action was sought for the sole purpose of obtaining attorney's fees because the plaintiff's declaratory action claim was "in essence a defense against [the defendant's] breach of contract [counter-]claim." *Id.* We rejected the defendant's argument and explained:

> Unlike the facts in [*MBM Fin. Corp.*], in our case, [the plaintiff] did not tack her declaratory judgment action onto a standard breach-of-contract claim. [The plaintiff] did not seek declaratory relief as a means to obtain otherwise impermissible attorney's fees; declaratory relief was a means of obtaining the quickest and most effective relief pertaining to the dispute between her and [the defendant]. *See* [*Zuehl*] (explaining that the existence of another adequate remedy such as breach of contract does not preclude a declaratory judgment and upholding award of attorney's fees because declaratory relief was not sought as a means to obtain otherwise impermissible attorney's fees—it was a means of obtaining the quickest and most effective relief).

*Id.* at *5. Most notably, the plaintiff in *ProFinance* asserted only one claim: one for declaratory relief under the UDJA. The attorney's fee award was proper because the declaratory judgment claim did not concern issues or relief duplicative of another asserted claim.

Our observations in *Zuehl* and *ProFinance* regarding the quick and effective relief of the declaratory action were included to further establish that the declaratory judgment claims were not asserted for the sole purpose of obtaining impermissible attorney's fees. We do not read these holdings, as VIA contends, to authorize attorney's fees under the UDJA simply because declaratory relief is sought as a means to obtain relief quicker and more effectively than that authorized by another asserted cause of action. By enacting the UDJA, the Legislature intended

to create "a 'speedy and effective remedy' for settling disputes before substantial damages were incurred." *MBM Fin. Corp.*, 292 S.W.3d at 670 (quoting *Cobb v. Harrington*, 144 Tex. 368, 190 S.W.2d 709, 713 (1945)). The UDJA was intended to provide "a means of determining the parties' rights when a controversy has arisen but before a wrong has been committed, and is preventative in nature." *Etan*, 359 S.W.3d at 624 (citing *Cobb*, 144 Tex. at 367, 190 S.W.2d at 713). If the quick and effective nature of declaratory relief was, by itself, sufficient to establish a purpose aside from obtaining attorney's fees, attorney's fees would almost always be justified under the UDJA, regardless of whether attorney's fees are authorized under other asserted claims. This, of course, would obviate the rule in *MBM Fin. Corp.*

Moreover, VIA has not established that the relief sought in its declaratory judgment action was any greater than that sought in its bill of review. The bill of review sought to vacate the default judgment while the declaratory action sought to declare it void and unenforceable. To "vacate" a judgment is to "make [it] void." BLACK'S LAW DICTIONARY 1584 (8th ed. 2004). Thus, the result of both the bill of review and the declaratory action was that the default judgment was set aside. VIA argues that by asserting the declaratory action, it was afforded a "faster resolution" with regard to its liability under the default judgment, noting that its declaratory judgment action resulted in a final judgment while the bill of review merely resulted in an interlocutory order.

However, neither the bill of review nor the declaratory judgment action disposed of the entire controversy and VIA's liability with regard to Mungia's claims against it remains unresolved. Under either cause of action, the relief obtained was the same—the default judgment was set aside. *See City of Carrollton v. RIHR Inc.*, 308 S.W.3d 444, 455 (Tex. App.—Dallas 2010, pet. denied) (attorney's fee award under UDJA improper where landowner asserted a claim for unconstitutional taking and a declaratory action seeking to declare taking unconstitutional despite landowner's argument that declaratory action was independently viable—the declaratory action

- 11 -

duplicated issues in the taking claim and sought no relief greater than that available with the taking claim); *cf. Rapid Settlements, LTD. v. Settlement Funding, LLC*, No. 14-09-00637-CV, 2010 WL 3504182, at*4 (Tex. App.—Houston [14th Dist.] Sep. 9, 2010, no pet.) (mem. op.) (attorney's fee award under the UDJA proper where declaratory action would have established ownership of structured settlement payments and request to vacate arbitration award would have established, at most, that arbitration award was invalid).

In conclusion, the issue of whether the improper service rendered the default judgment void is the same in both VIA's bill of review and declaratory judgment action. Additionally, the declaratory judgment action afforded VIA no relief greater than that afforded by its bill of review because both causes of action sought to set aside the default judgment. Accordingly, the declaratory judgment action served no purpose other than to obtain attorney's fees.

## CONCLUSION

The trial court did not have discretion to award VIA attorney's fees under the UDJA. The judgment of the trial court is reversed as to the award of attorney's fees and judgment is rendered that VIA is not entitled to recover attorney's fees under the UDJA. The case is remanded to the trial court for further proceedings as to Mungia's claims against VIA.

Catherine Stone, Chief Justice