

## Fourth Court of Appeals
### San Antonio, Texas

#### MEMORANDUM OPINION

No. 04-13-00606-CV

**KING RANCH, INC.**,
Appellant

v.

Roel **GARZA**, Cynthia Garza, JS Trophy Ranch, LLC and Los Cuentos, LLC,
Appellees

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 12-12-51717-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:      Catherine Stone, Chief Justice
              Karen Angelini, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed:  October 8, 2014

AFFIRMED IN PART; REVERSED AND RENDERED IN PART

This appeal arises from a dispute over a boundary line established in an 1891 Deed of

Exchange between Henrietta M. King, predecessor-in-interest to appellant King Ranch, Inc., and

Luciano Garcia, et al., predecessors-in-interest to appellees Raul Garza, Cynthia Garza, JS Trophy

Ranch, LLC, and Los Cuentos, LLC ("the Garzas").  King Ranch contends that the boundary line

is a straight line north of an existing fence, while the Garzas contend the existing fence line is the

boundary line.  The boundary line not only separates the parties' land, but also serves as a portion

of the boundary line between Jim Wells County and Kleberg County.  King Ranch challenges the

legal and factual sufficiency of the evidence to support the trial court's findings that: (1) the existing fence line is the boundary line; and (2) the Garzas adversely possessed the land located north of the fence. King Ranch also contends the trial court erred by (1) awarding damages for trespass; (2) permanently enjoining King Ranch from trespassing on the Garzas' property and from relocating or displacing survey pins along its shared border with the Garzas; and (3) awarding attorney's fees to the Garzas. Because King Ranch waived its issue regarding the trespass damages in its reply brief, we affirm the portion of the trial court's judgment awarding those damages. We reverse the remainder of the judgment and render judgment in favor of King Ranch.

## BACKGROUND

This case is the sister case to *King Ranch, Inc. v. Garcia*, No. 04-13-00605-CV, 2014 WL 4627592 (Tex. App.—San Antonio Sept. 17, 2014, no pet. h.) ("*King Ranch I*"), which was decided by this court on September 17, 2014. The background in both appeals is the same since they both deal with the same disputed boundary line. The following diagram illustrates the parties' positions, with King Ranch's position depicted by the straight line and the Garzas' position depicted by the curved fence line.



The dispute between the parties arose when King Ranch had the boundary line between the properties surveyed to install a new fence. Ronald Brister, who prepared the survey, opined that the boundary line was a straight line north of the existing fence. The Garzas filed the underlying lawsuit to prevent King Ranch from replacing the existing fence. During the subsequent trial, the Garzas' expert, David Nesbitt, testified that the boundary line followed the existing fence line. In addition to Brister's testimony, King Ranch also called Nelda Foster, another surveyor, as a witness, and she also testified that the boundary line was a straight line.

After considering the competing experts' opinions, the trial court agreed with Nesbitt, finding that the existing fence was the boundary line. The trial court alternatively found that the Garzas adversely possessed the land north of the fence. The trial court issued an injunction that enjoined King Ranch from trespassing onto the Garzas' property. The trial court also awarded the Garzas damages for trespass and attorneys' fees. King Ranch appeals.

**STANDARD OF REVIEW**

When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue for which it did not have the burden of proof, the party must show that no evidence supports the adverse finding. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011). "Evidence is legally sufficient if it 'would enable reasonable and fair-minded people to reach the verdict under review.'" *Id.* (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). "We 'credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not.'" *Id.* "A factual sufficiency attack on an issue on which the appellant did not have the burden of proof requires the complaining party to demonstrate there is insufficient evidence to support the adverse finding." *Flying J Inc. v. Meda, Inc.*, 373 S.W.3d 680, 690-91 (Tex. App.—San Antonio 2012, no pet.). "A reviewing court will reverse the trial court only if the evidence which supports the jury's finding is so weak as to be clearly wrong and manifestly unjust." *Id.* at 691 (internal citations omitted). "We may not substitute our judgment for that of the trier of fact or pass on the credibility of the witnesses." *Sunl Group, Inc. v. Zhejiang Yongkang Top Imp. & Exp. Co., Ltd.*, 394 S.W.3d 812, 817 (Tex. App.—Dallas 2013, no pet.).

**LOCATION OF THE BOUNDARY LINE**

In King Ranch's first issue, it contends the evidence is legally or factually insufficient to support the trial court's finding that the disputed boundary runs "along an existing fence." Instead, King Ranch asserts the evidence conclusively establishes that the boundary is the straight line described in the 1891 King-Garcia Exchange Deed and located on the ground in Ronald Brister's 2012 survey.

This court previously resolved this issue in *King Ranch I* holding that "because the Brister/Foster surveys are consistent with the general legal principles governing surveys and the

presumption that Haberer ran his survey in accordance with his course and distance calls controls, the evidence support[ed] only one finding: the boundary line is a straight line." 2014 WL 4627592 at *4. Because the same evidence was presented in the instant case as was presented in *King Ranch I*, our prior holding controls. Accordingly, "the boundary line is a straight line, and the actual location of the straight boundary line is determined by the Blucher Monument and the Agreed Point C." *Id.* at *6.

### ADVERSE POSSESSION

Because we have determined the boundary line is a straight line, we also must address the trial court's adverse possession finding. King Ranch asserts there is no evidence to support the trial court's finding that the Garzas adversely possessed the land north of the fence line and south of the straight boundary line.

Michael Hummell, managing partner of Los Cuentos, LLC, testified that the fence was standing in its current location prior to his company purchasing the land, and he did not know the purpose for which the fence was constructed. Hummell testified that neither he nor his partners has ever maintained or repaired the existing fence, or built any improvements on or farmed the disputed strip of property. He further testified the entire property is held exclusively for recreational purposes, mainly hunting.

David Saenz, partner in JS Trophy Ranch, LLC, also testified that he did not know the purpose for which the existing fence was constructed. He testified that neither he nor his partner has modified or repaired the fence. He further testified that the ranch was purchased as a hunting ranch.

Dr. Roel Garza similarly testified that he has never maintained or repaired the fence nor does he know the purpose for which the fence was originally constructed. He testified that he lives on the property, hosts weddings and fundraisers on the property, hunts on the property, and grazes

cattle on the property; however, he further testified that the majority of these activities have not occurred on the disputed strip of property except for cattle grazing on the strip and the occasional hunting trip and hay ride on the strip.

"Under Texas law, adverse possession requires 'an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person.'" *BP America Prod. Co. v. Marshall*, 342 S.W.3d 59, 69 (Tex. 2011) (quoting TEX. CIV. PRAC. & REM. CODE § 16.021(1)). "The statute requires visible appropriation; mistaken beliefs about ownership do not transfer title until someone acts on them." *Id*. "The statute also requires that the possession be inconsistent with and hostile to the claims of all others." *Id*. at 70. "The possession must be of such character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant." *Id*. (internal citations omitted) (emphasis in original).

"Under the applicable case law, there are two kinds of fences: 'casual fences' and fences that 'designedly enclose' an area." *Rhodes v. Cahill*, 802 S.W.2d 643, 646 (Tex. 1990). "If the fence existed before the [person claiming adverse possession] took possession of the land and the claimant fails to demonstrate the purpose for which it was erected, then the fence is a 'casual fence.'" *Id*. "Repairing or maintaining a casual fence, even for the express purpose of keeping the claimant's animals within the enclosed area, generally does not change a casual fence into a designed enclosure." *Id*. "A claimant may so change the character of a casual fence that it becomes a designed enclosure, and evidence of such a substantial modification is sufficient to support a jury finding of adverse possession." *Id*.

Here, as in *King Ranch I*, the fence was in existence before the Garzas took possession of the land, and no evidence was introduced to demonstrate the purpose for which it was erected. Accordingly, the fence was a casual fence, and no evidence was introduced to show substantial

modifications to the fence by the Garzas. As a result, the evidence that the Garzas grazed and hunted and occasionally had hay rides on the disputed strip of land does not establish actual and visible appropriation as required for all adverse possession claims. *Rhodes*, 802 S.W.2d at 646. (holding grazing of cattle and goats insufficient evidence of adverse possession); *see also Mendoza v. Ramirez*, 336 S.W.3d 321, 329 (Tex. App.—El Paso 2010, pet. denied) (holding no adverse possession shown by family gatherings on property separated by casual fence); *Moore v. Stone*, 255 S.W.3d 284, 289 (Tex. App.—Waco 2008, pet. denied) (holding no adverse possession of property enclosed by casual fence where only use was grazing and cutting hay and sporadic cultivation); *Harlow v. Giles*, 132 S.W.3d 641, 648 (Tex. App.—Eastland 2004, pet. denied) (holding occasional use of property for hunting purposes, including the construction of deer blinds and deer feeders, insufficient to establish adverse possession). Accordingly, the evidence is legally insufficient to support the trial court's findings on the Garzas' adverse possession claims.

### TRESPASS DAMAGES AND INJUNCTIVE RELIEF

In its third issue, King Ranch complains that the trial court erred awarding $33 in trespass damages to the Garzas. In its reply brief, however, King Ranch waives this issue and agrees to pay the $33 in trespass damages. Therefore, we affirm the portion of the trial court's judgment awarding the trespass damages.

In its fourth issue, King Ranch asserts there is no legal basis to support injunctive relief because the property and fence at issue belong to King Ranch and not the Garzas. We review the trial court's granting of injunctive relief under an abuse of discretion standard. *Tanglewood Homes Ass'n, Inc. v. Feldman*, 436 S.W.3d 48, 76 (Tex. App.—Houston [14th Dist.] 2014, no pet. h.). "[D]iscretion is abused and subject to reversal when the trial court misinterprets or misapplies the law or acts arbitrarily or unreasonably. *Id.* For injunctive relief to be granted, the applicant must prove the occurrence of a wrongful act that gives rise to an imminent and irreparable harm for

which there is not adequate remedy at law. *Id.* Since we have determined the boundary line is a straight line, the evidence failed to establish that King Ranch engaged in any wrongful act on the Garzas' property that caused imminent or irreparable harm to the Garzas. Accordingly, the trial court abused its discretion in awarding injunctive relief.

### ATTORNEYS' FEES

King Ranch's fifth issue concerns the award of attorneys' fees to the Garzas under the Declaratory Judgment Act. King Ranch asserts that the Garzas' claims in the declaratory action duplicated their trespass claims.

The Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 *et seq*. (West 2008), provides that a trial court may award costs and reasonable attorneys' fees when doing so is equitable and just. *Tanglewood Homes*, 436 S.W.3d at 68. "Because the Act does not require an award of attorneys' fees, on appeal we review the trial court's judgment awarding fees for an abuse of discretion." *Id*. at 68-69.

Under Texas law, when a declaratory judgment claim is asserted together with another statutory or common law claim, "[t]he declaratory judgment claim must do more than 'merely duplicate the issues litigated . . .'" in order to justify an award of attorneys' fees under the Declaratory Judgment Act. *Mungia v. Via Metropolitan Transit*, No. 04-13-00549-CV, 2014 WL 1379201 at *3 (Tex. App.—San Antonio April 9, 2014, no pet. h.) (citing *Etan Indus. v. Lehman*, 359 S.W.3d 620, 624 (Tex. 2011)). If a claimant could justify a fee award simply by repleading his claim as a declaratory judgment, attorneys' fees would be available for all parties in all cases which would effectively repeal the limits placed on fee awards by other statutes as well as the "American Rule" which prohibits fee awards unless the fees are specifically provided by statute or contract. *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009); *Mungia*, 2014 WL 1379201 at *3.

Here, the Garzas argue that their declaratory judgment claim relates exclusively to the boundary dispute and not the trespass claim. The Garzas' trespass claim, however, also is based on the boundary dispute. In order to prevail on their contention that King Ranch trespassed on their land, the Garzas were required to prove that the boundary line is the existing fence line as opposed to the straight line north of the existing fence as asserted by King Ranch. Accordingly, determining the location of the boundary line is a necessary element of the Garzas' trespass claims. Because the Garzas seek the same relief under their trespass claims, the Garzas cannot use the Declaratory Judgment Act as a basis to recover attorneys' fees. *Tanglewood Homes*, 436 S.W.3d at 70. Therefore, the trial court abused its discretion in awarding attorneys' fees to the Garzas under the Declaratory Judgment Act.

## CONCLUSION

We hold that the boundary line is a straight line as determined by the Blucher Monument and Agreed Point C. We additionally hold that the evidence is legally insufficient to support the trial court's findings on the Garzas' adverse possession claims, and we hold the Garzas are not entitled to recover on their requests for an injunction and attorneys' fees.

Karen Angelini, Justice