ACCEPTED
04-13-00529-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/11/2015 6:59:04 PM
KEITH HOTTLE
CLERK

NO. 04-13-00529-CV

IN THE COURT OF APPEALS
FOR THE FOURTH JUDICIAL DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
02/11/2015 6:59:04 PM
KEITH E. HOTTLE
Clerk

SCHUHARDT CONSULTING PROFIT SHARING PLAN,
Appellant

vs.

DOUBLE KNOBS MOUNTAIN RANCH, INC.,
Appellee

## APPELLANT'S MOTION FOR *EN BANC* CONSIDERATION

TO THE HONORABLE COURT OF APPEALS:

Pursuant to Texas Rule of Appellate Procedure 49.7 and Local Rule 6.2, Appellant Schuhardt Consulting Profit Sharing Plan (Schuhardt) respectfully files this Motion for *En Banc* Consideration.

Consideration *en banc*, while disfavored, is appropriate in cases were the panel opinion conflicts with previous opinions of the court or presents an issue of major importance. *See* TEX. R. APP. P. 41.2(c); *Fazio v. Cypress/GR Houston I, L.P.,* 403 S.W.3d 390, 411-12 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). The Opinion of the panel in this case meets both of these situations.

First, the Opinion awards Appellee/Cross-Appellant attorney's fees under the Uniform Declaratory Judgment Act (UDJA), Chapter 37 of the Texas Civil

1

Practices & Remedies Code, in direct conflict with this Court's holding in *Mungia v. Via Metropolitan Transit*, 441 S.W.3d 542, 547-551 (Tex. App.—San Antonio 2014, no pet. h.).

Second, this Court's Opinion has the potential to have a dramatic impact on the construction of standard deeds of trust in Texas. The current State Bar of Texas form Deed of Trust provides, in part, that "[i]f there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure . . ."[1] then the lender may exercise its remedies. This language is similar to that in the Deed of Trust and the Opinion. Before, invalidating language used in the Deed of Trust and, potentially, in the State Bar form, the entire Court should carefully consider this important issue.

For these reasons, and the reasons set forth in Schuhardt's Motion For Rehearing, Schuhardt respectfully requests a rehearing *en banc*.

### PRAYER

Accordingly, Appellant Schuhardt Consulting Profit Sharing Plan prays the points raised in its Motion for Rehearing be submitted for *en banc* consideration.

---

[1] *See* Appendix Tab 5 at p. 3 ¶ 6.

Respectfully submitted:

_/s/ Charles J. Cain_

Charles J. Cain
State Bar No. 00796292
ccain@cstrial.com
Steve Skarnulis
State Bar No. 24041924
skarnulis@cstrial.com
Ryan E. Chapple
State Bar No. 24036354
rchapple@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Fax
**ATTORNEYS FOR APPELLANT**

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's Motion for *En Banc* Consideration was delivered to the following in accordance with the Texas Rules of Appellate Procedure on this the 9th day of February 2015:

John C. Howell
jhowell@asdh.com
**ALLEN, STEIN & DURBIN, P.C.**
6243 IH-10 West, Suite 700
San Antonio, Texas 78201
210-734-7488
210-738-8036—Facsimile

Leslie Luttrell
luttrell@lzlawgroup.com
Luttrell Zucker Law Group
400 N. Loop 1604 East, Suite 208
San Antonio, Texas 78232
210-426-3606—Facsimile

Ray Leach
rayleach@rayleachlaw.com
**LAW OFFICES OF RAY LEACH**
111 West Olmos Drive
San Antonio, Texas 78212
210-930-7700
210-930-9553—Facsimile

Elizabeth Conry Davidson
conrydavidson@gmail.com
Attorney at Law
926 Chulie Drive
San Antonio, Texas 78216
210-568-4036


*/s/ Charles J. Cain*
Charles J. Cain

**APPENDIX**

Tab 5          Commercial Deed of Trust form prepared by the State Bar of Texas

Prepared by the State Bar of Texas for use by lawyers only.
© 1999, 2000, 2002, 2004, 2006, 2009 by the State Bar of Texas    Revised 06/09

# COMMERCIAL DEED OF TRUST

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

Date:

Grantor:

Grantor's Mailing Address (including county):

Trustee:

Trustee's Mailing Address (including county):

Lender:

Lender's Mailing Address (including county):

Obligation

    Note(s)

        Date:

        Original principal amount:

        Borrower:

        Lender:

        Maturity date:

    Other Debt:

**Appendix Tab 5**

Property (including any improvements):

Prior Lien(s) (including recording information):

Other Exceptions to Conveyance and Warranty:

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

## Clauses and Covenants

### A. Grantor's Obligations

Grantor agrees to—

1. keep the Property in good repair and condition;
2. pay all taxes and assessments on the Property before delinquency;
3. defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;
4. maintain all insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverages;
5. obey all laws, ordinances, and restrictive covenants applicable to the Property;
6. keep any buildings occupied as required by the Required Insurance Coverages;
7. if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and
8. notify Lender of any change of address.

### B. Lender's Rights

1. Lender or Lender's mortgage servicer may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.
3. Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the insurance proceeds available to Grantor for repairs.

4. Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

5. If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6. If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may—

    a. declare the unpaid principal balance and earned interest on the Obligation immediately due;

    b. direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    c. purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

7. Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

## C.  Trustee's Rights and Duties

If directed by Lender to foreclose this lien, Trustee will—

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2. sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3. from the proceeds of the sale, pay, in this order—

    a. expenses of foreclosure, including a reasonable commission to Trustee;

    b. to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c. any amounts required by law to be paid before payment to Grantor; and

    d. to Grantor, any balance; and

4. be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

## D.  General Provisions

1. If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any trustee's deed conveying the Property will be presumed to be true.

3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4. This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

5. If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6. Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

7. Grantor assigns to Lender absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Grantor warrants the validity and enforceability of the assignment. Grantor may as Lender's licensee collect rent and other income and receipts as long as Grantor is not in default with respect to the Obligation or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the Obligation and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due with respect to the Obligation and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the Obligation or performance of this deed of trust, Lender may terminate Grantor's license to collect rent and other income and then as Grantor's agent may rent the Property and collect all rent and other income and receipts. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Lender's rights and remedies and then to Grantor's obligations with respect to the Obligation and this deed of trust in the order determined by Lender. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies. If Grantor becomes a voluntary or involuntary debtor in bankruptcy, Lender's filing a proof of claim in bankruptcy will be deemed equivalent to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be

canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10. Grantor may not sell, transfer, or otherwise dispose of any Property, whether voluntarily or by operation of law, without the prior written consent of Lender. If granted, consent may be conditioned upon—

    a. the grantee's integrity, reputation, character, creditworthiness, and management ability being satisfactory to Lender; and

    b. the grantee's executing, before such sale, transfer, or other disposition, a written assumption agreement containing any terms Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, a transfer fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

Grantor may not cause or permit any Property to be encumbered by any liens, security interests, or encumbrances other than the liens securing the Obligation and the liens securing ad valorem taxes not yet due and payable without the prior written consent of Lender. If granted, consent may be conditioned upon Grantor's executing, before granting such lien, a written modification agreement containing any terms Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, an approval fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

Grantor may not grant any lien, security interest, or other encumbrance (a "Subordinate Instrument") covering the Property that is subordinate to the liens created by this deed of trust without the prior written consent of Lender. If granted, consent may be conditioned upon the Subordinate Instrument's containing express covenants to the effect that—

    a. the Subordinate Instrument is unconditionally subordinate to this deed of trust;

    b. if any action is instituted to foreclose or otherwise enforce the Subordinate Instrument, no action may be taken that would terminate any occupancy or tenancy without the prior written consent of Lender, and that consent, if granted, may be conditioned in any manner Lender determines;

    c. rents, if collected by or for the holder of the Subordinate Instrument, will be applied first to the payment of the Obligation then due and to expenses incurred in the ownership, operation, and maintenance of the Property in any order Lender may determine, before being applied to any indebtedness secured by the Subordinate Instrument;

    d. written notice of default under the Subordinate Instrument and written notice of the commencement of any action to foreclose or otherwise enforce the Subordinate Instrument must be given to Lender concurrently with or immediately after the occurrence of any such default or commencement; and

    e. in the event of the bankruptcy of Grantor, all amounts due on or with respect to the Obligation and this deed of trust will be payable in full before any payments on the indebtedness secured by the Subordinate Instrument.

Grantor may not cause or permit any of the following events to occur without the prior written consent of Lender: if Grantor is—

    a. a corporation, the dissolution of the corporation or the sale, pledge, encumbrance, or assignment of any shares of its stock;

    b. a limited liability company, the dissolution of the company or the sale, pledge, encumbrance, or assignment of any of its membership interests;

    c. a general partnership or joint venture, the dissolution of the partnership or venture or the sale, pledge, encumbrance, or assignment of any of its partnership or joint venture interests, or the withdrawal from or admission into it of any general partner or joint venturer; or

    d. a limited partnership, (1) the dissolution of the partnership, (2) the sale, pledge, encumbrance, or assignment of any of its general partnership interests, or the withdrawal from or admission into it of any general partner, (3) the sale, pledge, encumbrance, or assignment of a controlling portion of its limited partnership interests, or (4) the withdrawal from or admission into it of any controlling limited partner or partners.

If granted, consent may be conditioned upon—

    a. the integrity, reputation, character, creditworthiness, and management ability of the person succeeding to the ownership interest in Grantor (or security interest in such ownership) being satisfactory to Lender; and

    b. the execution, before such event, by the person succeeding to the interest of Grantor in the Property or ownership interest in Grantor (or security interest in such ownership) of a written modification or assumption agreement containing such terms as Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, a transfer fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

11. When the context requires, singular nouns and pronouns include the plural.

12. The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

13. This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

14. If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

15. Grantor and each surety, endorser, and guarantor of the Obligation waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

16. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

18. The term "Lender" includes any mortgage servicer for Lender.
19. Grantor represents that this deed of trust and the Note are given for the following purposes:

(Acknowledgment)

STATE OF TEXAS
COUNTY OF

This instrument was acknowledged before me on                                          ,
by
                                                        .

_____
Notary Public, State of Texas
Notary's name (printed):

Notary's commission expires:

(Corporate Acknowledgment)

STATE OF TEXAS
COUNTY OF

This instrument was acknowledged before me on                                          ,
by
of                                                        ,
a                                          corporation, on behalf of said corporation.

_____
Notary Public, State of Texas
Notary's name (printed):

Notary's commission expires:

AFTER RECORDING RETURN TO:                              PREPARED IN THE LAW OFFICE OF: