

## Fourth Court of Appeals
### San Antonio, Texas

**OPINION**

No. 04-20-00446-CV

Edward Harral **ROBERTS**,
Appellant

v.

Carmen S. Lopez **ROBERTS**,
Appellee

From the 365th Judicial District Court, Maverick County, Texas[1]
Trial Court No. 18-04-35492-MCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:   Beth Watkins, Justice

Sitting:      Luz Elena D. Chapa, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: February 16, 2022

AFFIRMED

Edward Harral Roberts appeals the trial court's September 18, 2020 order dismissing his

petition for bill of review. We affirm the trial court's order.

### BACKGROUND

On March 28, 2017, appellee Carmen S. Lopez Roberts filed a petition for divorce from

her then-husband, Harral. Although Harral was properly served with Carmen's petition, he did not

---

[1]The divorce and both bill of review proceedings below were originally filed in the 293rd Judicial District Court of Maverick County, Texas. On February 4, 2019, the Honorable Maribel Flores signed an order transferring the second bill of review proceeding to the 365th Judicial District Court.

file an answer or otherwise enter an appearance. On August 11, 2017, the trial court signed a final decree of divorce finding Harral "did not appear and wholly made default." Harral contends he did not learn about the judgment until December 8, 2017, after the time to file a notice of appeal or motion for new trial had expired.

On December 13, 2017, Harral filed a petition for bill of review in the same cause number as the divorce. Harral alleged he "was prevented by [Carmen] from asserting rights to a greater share of the parties' marital estate than that awarded to [Harral] in the decree." He further alleged that he failed to file an answer because Carmen "had given [him] the impression . . . that the divorce was not going forward" and "defrauded [him] into believing that the divorce was not going forward." As evidentiary support for his bill of review, Harral filed an affidavit that repeated the allegations in his petition. Carmen responded, inter alia, that Harral "failed to invoke the jurisdiction of the Court by properly filing a pleading, which specifically outlines what fraud, accident, or wrongful act of the opposing party which **was unmixed with his own negligence resulted in the opposed judgment**." (emphasis in original).

On April 5, 2018, the Honorable Susan D. Reed held a hearing on Harral's bill of review. During the hearing, Carmen argued that because Harral had filed his bill of review in the same cause number as the divorce and the court had already lost plenary power over that cause, the court lacked jurisdiction to consider the bill of review. She also noted that Harral had been personally served with the divorce petition and claimed that he had not met his burden to show a meritorious defense or that the default judgment had been entered through no fault of his own.

After the hearing, Judge Reed signed an order stating, in its entirety: "On April 5, 2018, the court considered the EDWARD HORRAL [*sic*] ROBERTS BILL OF REVIEW, and after reviewing the evidence and hearing the arguments, the Court finds that the Motion should be DENIED." Harral did not file a notice of appeal or a motion for new trial from that order. Instead,

he filed a second petition for bill of review in a new cause number. This second bill of review repeated the allegations from the first bill of review and was supported by the same affidavit. In response, Carmen argued the second bill of review was barred by res judicata.

On June 23, 2020, the Honorable Amado J. Abascal, III held a hearing on the second bill of review. Judge Abascal questioned both sides about whether Judge Reed's April 5, 2018 order denied the first bill of review on the merits or for procedural reasons. Harral argued that Judge Reed had only considered procedural issues and therefore never reached the merits of his first bill of review. Carmen disagreed. She argued that because Harral did not dispute that he had been properly served with her divorce petition, his failure to file an answer went to the merits of his bill of review. In response to Judge Abascal's concern that Harral "wasn't even allowed to make his argument on the merits," Carmen argued, "Because he didn't have a prima facie defense either. [Judge Reed] read his affidavit. [Harral] filed his affidavit."

At the conclusion of the hearing, Judge Abascal stated he was "not inclined to second-guess what mental process Judge Reed may have had in entering that order . . . but to simply accept the order and adopt it as the order of Judge Reed." On September 18, 2020, Judge Abascal signed an order dismissing Harral's second bill of review. Judge Abascal's written order memorialized both his decision to accept Judge Reed's order as written and his unwillingness to speculate about Judge Reed's reasoning. It also found that Harral's "Bill of Review has been adjudicated and any other Petition for Bill of Review . . . that is based on the exact same grounds has been adjudicated and is no longer subject to consideration by this Court." Harral timely appealed Judge Abascal's order dismissing the second bill of review.

**ANALYSIS**

***Standard of Review and Applicable Law***

"A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *WWLC Inv., L.P. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021) (per curiam) (internal quotation marks omitted). A bill of review plaintiff who does not dispute that he was properly served in the underlying action must "plead and prove: (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff[] [was] prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [the plaintiff's] own part." *Id.* (internal quotation marks omitted). Ordinarily, "[w]e review a trial court's ruling on a bill of review for an abuse of discretion." *Labra v. Labra*, No. 04-13-00285-CV, 2014 WL 3611551, at *2 (Tex. App.—San Antonio July 23, 2014, no pet.) (mem. op.).

Here, however, the order appealed dismisses Harral's second bill of review because its grounds had already "been adjudicated and [are] no longer subject to consideration by this Court." This appears to be a finding that Harral's second bill of review was barred by res judicata. When the material facts are undisputed, as here, the issue of whether res judicata applies is a question of law we review de novo. *See Eagle Oil & Gas Co. v. Shale Expl., LLC*, 549 S.W.3d 256, 267 (Tex. App.—Houston [1st Dist.] 2018, pet. dism'd). Similarly, we review the trial court's application of the law of res judicata in a bill of review de novo. *See Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.).

***Application***

*First Bill of Review*

Although Harral ostensibly challenges only Judge Abascal's dismissal of the second bill of review, most of his briefing argues that Judge Reed abused her discretion by denying the first bill

of review. But an order denying a bill of review is a final, appealable order. *See Alaimo v. U.S. Bank Tr. Nat'l Ass'n*, 551 S.W.3d 212, 215 (Tex. App.—Fort Worth 2017, no pet.). Because Harral did not file a motion for new trial or other plenary-power-extending motion after Judge Reed signed the April 5, 2018 order, any notice of appeal from that order was due thirty days later, or by May 5, 2018. *See* TEX. R. APP. P. 26.1. Harral filed his notice of appeal on September 10, 2020. Accordingly, to the extent Harral's briefing seeks our review of Judge Reed's order, we lack jurisdiction to conduct that review. *See, e.g.*, *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *In re L.G.*, 517 S.W.3d 275, 277 (Tex. App.—San Antonio 2017, pet. denied).

*Second Bill of Review*

Harral next argues that Judge Abascal erred by dismissing the second bill of review on res judicata grounds. "The doctrine of res judicata, also known as claim preclusion, bars lawsuits that arise out of the same subject matter as a prior suit when, with the use of diligence, that subject matter could have been litigated in the prior suit." *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). Because Carmen asserted res judicata as an affirmative defense to the second bill of review, she bore the burden to show: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

It is undisputed that Harral's second bill of review involved the same parties and issues as his first bill of review. *See id.* The only question, then, is whether the record supports a conclusion that Judge Reed's order denying the first bill of review was a prior final judgment on the merits. *See id.* Harral contends it does not. He argues Judge Abascal should have construed Judge Reed's order as a dismissal without prejudice to refiling. Because a dismissal without prejudice is not a

final judgment on the merits, Harral reasons that Carmen failed to establish the first required element of her res judicata defense. *See Barnes v. Deadrick*, 464 S.W.3d 48, 54 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

As support for this contention, Harral argues that Judge Reed's order cannot have adjudicated the merits of the first bill of review "because none of the reasons asserted for denial . . . were substantive." But, as Judge Abascal explicitly found, Judge Reed's order denied the first bill of review without specifying "whether the denial was based on procedural or substantive grounds." Consequently, the text of that order does not support Harral's assertion that Judge Reed intended it to be a non-merits dismissal. Harral cites no authority that would require Judge Abascal to look behind the plain language of Judge Reed's order to determine its finality, and we have found none. *See Transwood Carriers v. EP Energy E&P Co., LP*, No. 04-21-00127-CV, 2021 WL 1987543, at *2 (Tex. App.—San Antonio May 19, 2021, no pet.) (per curiam) (mem. op.) (considering both the record and "the order's plain language" to determine finality). In the absence of such authority, we decline to hold that Judge Abascal was required to determine the basis for Judge Reed's ruling from her silent order.

Furthermore, the record does not support Harral's assertion that Judge Reed only considered procedural issues in the first bill of review. It is true that Carmen primarily urged Judge Reed to deny Harral's petition on jurisdictional and other procedural grounds. However, both Carmen's written response and the transcript of the hearing before Judge Reed show Carmen also argued that Harral: (1) failed to make a prima facie showing of a meritorious defense; and (2) did not show that his failure to file an answer was unmixed with his own fault or negligence. Those arguments go to the merits of Harral's petition for bill of review, not to any procedural defects in its filing. *See, e.g.*, *Daccach*, 217 S.W.3d at 449; *see also WWLC Inv.*, 624 S.W.3d at 799 (listing required elements of bill of review). On this record, it is possible that Judge Reed found those

merits-based arguments dispositive. Accordingly, even if we assume Judge Abascal was required to look behind the plain language of Judge Reed's order, we could not conclude that Judge Abascal erred by finding that order was a final determination on the merits of the first bill of review. *See Mungia v. Via Metro. Transit*, 441 S.W.3d 542, 545–46 (Tex. App.—San Antonio 2014, pet. denied) (bill of review judgment that "denies any relief to the petitioner" is final).

Finally, we note that Harral's written pleadings in the second bill of review challenged the August 11, 2017 final decree of divorce, not Judge Reed's April 5, 2018 denial of the first bill of review. Nevertheless, his briefing in this appeal implies that Judge Abascal, in the second bill of review, erred by refusing to determine whether Judge Reed's disposition of the first bill of review was correct. But Harral has not shown that the second bill of review required Judge Abascal to perform such a review. *Cf. Solomon, Lambert, Roth & Assocs., Inc. v. Kidd*, 904 S.W.2d 896, 899–900 (Tex. App.—Houston [1st Dist.] 1995, no writ) (collateral attack on a judgment in another court of equal jurisdiction is only permissible "if the underlying judgment is void"). And, as noted above, we lack jurisdiction to review Judge Reed's order in this appeal. *See* TEX. R. APP. P. 26.1; *Wilkins*, 160 S.W.3d at 564. The only order that is properly before this court—Judge Abascal's order resolving Carmen's res judicata defense—stands or falls based on a determination of whether Judge Reed's order was final, not on whether it would have been affirmed had Harral appealed it at the time. *See Segrest v. Segrest*, 649 S.W.2d 610, 612 (Tex. 1983) ("That the judgment may have been wrong or premised on a legal principle subsequently overruled does not affect application of *res judicata*."); *see also Daccach*, 217 S.W.3d at 449.

After reviewing the record, we cannot say Judge Abascal erred by determining that Judge Reed's order was a final determination on the merits of the first bill of review and that the second bill of review was therefore barred by res judicata. *See Daccach*, 217 S.W.3d at 449; *see also Mungia*, 441 S.W.3d at 545–46. We overrule Harral's sole issue on appeal.

**CONCLUSION**

We affirm the September 18, 2020 order dismissing Harral's second bill of review.

Beth Watkins, Justice